Mary Jo O'Neill, AZ Bar #005924
James P. Driscoll-MacEachron, AZ Bar #027828
Mark Sorokin, AZ Bar # 031960
**Equal Employment Opportunity**
**Commission, Phoenix District Office**
3300 N. Central Ave., Suite 690
Telephone: (602) 535-0412
Fax: (602) 640-5071
Email:  mary.oneill@eeoc.gov
           james.driscoll-maceachron@eeoc.gov
           mark.sorokin@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | **(JURY DEMAND)** |
| Arizona Discount Movers, LLC, | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Charging Party Clinton Lee. As alleged with greater particularity in Paragraphs 12 and 13 below, Defendant Arizona Discount Movers subjected Clinton Lee to severe frequent harassment on the basis of race, including racial slurs, threatening symbols, and gestures and comments hostile to African-Americans. The EEOC further alleges that Clinton Lee constructively discharged his employment as a result of severe and/or pervasive racial harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Arizona Discount Movers, an Arizona corporation (the "Employer"), has continuously been doing business in the State of Arizona and the City of Phoenix, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Clinton Lee filed a charge with the Commission alleging violations of Title VII by Defendant Arizona Discount Movers.

7. On or about March 27, 2018, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On or about May 23, 2018, Defendant informed the Commission that it declined the EEOC's offer to engage in informal methods of conciliation.

9. On or about May 31, 2018, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least September 2013, Defendant Employer has engaged in unlawful employment practices at their operation in Phoenix, Arizona in violation of Section 703(a)(2) of Title VII, 42 U.S.C.§ 2000e-2(a)(2) by subjecting Clinton Lee to a hostile work environment, harassment and constructive termination, because of his race, African American.

12. The Defendant created a hostile work environment for Clinton Lee based on his race, African American. In support of this allegation, the EEOC states the following:

(a) Clinton Lee is an African-American.

(b) Lee worked for Defendant Arizona Discount Movers from approximately September 17, 2013 until May 2014.

(c) Nearly every day of his employment, Defendant Arizona Discount Movers subjected him to harassment because of his race, African American.

(d) The harassment by Defendant Arizona Discount Movers was based on Lee's race, African-American. Examples of the harassment include the following:

i. His supervisor Gary Carpenter made numerous racially-charged remarks, such as "white power," "if you're not white, you're not right," and used the N-word.

ii. Carpenter often began morning staff meetings by uttering "White

                Power" and saluting the staff with a Nazi salute.

    iii.    Employees picked up their paychecks in person.

    iv.    When Lee had to pick up his paycheck from Carpenter, Carpenter would routinely tell Lee, "get out of here, we're having a Klan meeting."

    v.    Carpenter's racially-charged comments and gestures in the workplace were open and notorious.

    vi.    In or about December 2013, Carpenter placed a horse jockey statute on his desk, affixed a whip in the jockey's hand, tied the whip around the horse's neck in the style of a noose, and labeled the statute, "Clint."

    vii.    In or about May 2014, a troll doll was spray-painted black and hung from a hook in full view of staff and management. A Post-it note was affixed to the doll. The note read "Clint King."

    viii.    During a staff meeting, Carpenter pointed to the doll and told Lee that the doll was Lee.

    ix.    Lee reported the troll doll incident to owner Amy Hannah.

    x.    Owner Hannah directed Lee to take down the troll doll himself.

    xi.    Owner Amy Hannah failed to take appropriate actions to ensure that the racial harassment would cease.

13. Clinton Lee constructively discharged his employment with Defendant Arizona Discount Movers.

    (a)    The EEOC incorporates herein its allegations in Paragraph 12.

    (b)    Clinton Lee suffered from unlawful racial harassment by Defendant Arizona Discount Movers.

    (c)    Defendant Arizona Discount Movers did not adequately remedy the harassment or prevent it from continuing.

    (d)    The racial harassment Lee suffered by Defendant Arizona Discount Movers was so intolerable that a reasonable person would have felt

compelled to resign.

(e) Clinton Lee resigned his employment with Defendant Arizona Discount Movers.

(f) Clinton Lee resigned because the working conditions were so intolerable that he was compelled to resign.

14. The effect of the practices complained of in Paragraphs 12 and 13 above has been to deprive Clinton Lee of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, African American.

15. The unlawful employment practices complained of in Paragraphs 12 and 13 above were intentional.

16. The unlawful employment practices complained of in Paragraphs 12 and 13 above were done with malice or with reckless indifference to the federally protected rights of Clinton Lee.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from racial harassment.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Clinton Lee by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to revision of existing EEO policies and procedures, training by an outside vendor, and an agreement to evaluate managers in part based on their compliance with EEO policies and procedures.

D. Order Defendant Employer to make whole Clinton Lee by providing

compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 12 and 13 above, including emotional pain, suffering, and humiliation in amounts to be determined at trial.

  E. Order Defendant Employer to pay Clinton Lee punitive damages for its malicious and reckless conduct, as described in Paragraphs 12 and 13 above, in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED:  June 22, 2018.

RESPECTFULLY SUBMITTED,

JAMES L. LEE
Acting General Counsel

GWENDOLYN REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street NE
Washington, DC 20507

MARY JO O'NEILL
Regional Attorney

JAMES P. DRISCOLL-MACEACHRON
Supervisory Trial Attorney

*/s/ Mark Sorokin*
MARK SOROKIN
Trial Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Phoenix District Office
3300 N. Central Ave., Ste. 690
Phoenix, AZ 85012

Attorneys for Plaintiff